UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Judy GEORGE, et al.,<br><br>                          Plaintiffs,<br><br>v.<br><br>GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT BOARD OF GOVERNORS, et al.,<br><br>                          Defendants. | Case No.: 22-cv-0424-AGS-DDL<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS (ECF 100)** |

Plaintiffs sued their community-college employers over COVID-19 vaccine mandates. The defense moves to dismiss based on mootness and failure to state a claim.

## BACKGROUND

This case's 31 defendants include three community-college districts, their governing boards, and various presidents, chancellors, and employees sued "in their official capacities only." (ECF 95, at 2–27.) In late 2021, defendants "adopted a COVID-19 vaccine requirement for employees, students, and individuals accessing services and utilizing facilities." (*Id.* at 5, 9–10, 18.) All seven plaintiffs requested religious exemptions that were ultimately granted. (*Id.* at 6, 8–9, 10, 14–15, 19, 22, 24.) But they claim their accommodations were unreasonable. (*Id.* at 6–7, 8–9, 12, 16–17, 21, 23–24, 26–27.)

Plaintiffs allege in the operative second amended complaint that: the vaccine mandate is preempted by state law (claim 1); the vaccine rules were ultra vires acts (claim 2); the mandate amounts to religious discrimination under the First Amendment in violation of 42 U.S.C. § 1983 (claims 3–5); and defendants failed to accommodate—and subjected them to disparate treatment because of—their religious beliefs in violation of Title VII of the Civil Rights Act (claims 6–11). (*See* ECF 95, at 27–46.)

## DISCUSSION

Defendants move to dismiss, challenging the sufficiency of the complaint and alleging this Court lacks jurisdiction. (ECF 100-1.) "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. But "naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (cleaned up). The Court accepts "the factual allegations in the complaint as true" and construes them "in the light most favorable to the plaintiff[s]." *GP Vincent II v. Estate of Beard*, 68 F.4th 508, 514 (9th Cir. 2023).

### A.  Intelligibility

First, defendants move to dismiss the entire complaint on intelligibility grounds. *See* Fed. R. Civ. P. 8(a)(2), (d)(1); (ECF 100-1, at 20–22). But overall, the complaint is "logically organized, divided into a description of the parties, a chronological factual background, and a presentation of enumerated legal claims, each of which lists the liable Defendants and legal basis therefor." *See Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1132 (9th Cir. 2008). Dismissal "is usually confined to instances in which the complaint is so verbose, confused and redundant that its true substance, if any, is well disguised." *Id*. at 1131. That is not the case here, so the motion is denied as to unintelligibility.

### B.  Religious-Discrimination Claims Under 42 U.S.C. § 1983

#### 1.  *Injunctive and Declaratory Relief*

Defendants contend that the requests for declaratory and injunctive relief under § 1983 are moot. (ECF 100-1, at 25.) This Court agrees and adopts its mootness analysis of identical claims in a parallel proceeding against the same defendants. *See Adams v. Grossmont Cuyamaca Cmty. Coll. Dist.*, No. 23-cv-1220-AGS-DDL (S.D. Cal. Mar. 15, 2024), ECF 16, at 6–7. The § 1983 claims for declaratory and injunctive relief are dismissed.

### 2. *Damages*

Defendants also argue that the § 1983 damages claims are barred by the Eleventh Amendment. (ECF 100-1, at 27.) "Under the eleventh amendment, agencies of the state are immune from private damage actions." *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988). The defendant community colleges, their governing boards, and the individual defendants in their official capacities all enjoy such immunity. *See Johnson v. Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1021 n.4 (9th Cir. 2010) ("California community college districts constitute arms of the state entitled to sovereign immunity under the Eleventh Amendment."); *Mitchell*, 861 F.2d at 201 ("[T]he individual defendants share in the district's eleventh amendment immunity because they were sued in their official capacities."); *Grosz v. Lassen Cmty. Coll. Dist.*, 360 F. App'x 795, 798 (9th Cir. 2009) (finding the community college "District defendants" and their governing boards "have Eleventh Amendment immunity from § 1983" damages claims).

In response, plaintiffs maintain that their claims "arise from an official policy" and are thus permissible § 1983 damages claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). (ECF 104, at 17–18.) The problem is that "the Supreme Court has expressly declined to extend *Monell*'s theory of municipal liability under § 1983 to state entities." *Krainski v. Nevada ex rel. Bd. of Regents*, 616 F.3d 963, 968 (9th Cir. 2010). So, the § 1983 damages claims are dismissed. But because it is conceivable that plaintiffs could assert claims against the board members in their individual capacities, the Court grants leave to amend the damages claims. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991) ("A government official in the role of personal-capacity defendant . . . fits comfortably within the statutory term 'person' [under § 1983].").

### C. Title VII Claims

#### 1. *Administrative Exhaustion*

Defendants move to dismiss plaintiffs' Title VII claims for failure to exhaust their administrative remedies. (ECF 100-1, at 26–27.) Only plaintiffs Meza and Bonkowski allege that they properly filed charges with the Equal Employment Opportunity

Commission and "received a right to sue letter." (*See* ECF 95, at 17, 24.) The Court adopts its reasoning on this same issue in the parallel proceeding. *See Adams*, No. 23-cv-1220-AGS-DDL (S.D. Cal. Mar. 15, 2024), ECF 16, at 8. Thus, all Title VII claims—save Meza's and Bonkowski's—are dismissed for failure to exhaust, but with leave to amend.

### 2. *Meza's and Bonkowski's Religious-Discrimination Claims*

The defense also moves to dismiss Meza's and Bonkowski's Title VII causes of actions for failure to state a claim. (ECF 100-1, at 29–31.) Meza and Bonkowski rely on two theories of religious discrimination: disparate treatment and failure to accommodate.

#### a. *Disparate Treatment*

For a disparate-treatment claim to survive a motion to dismiss, plaintiffs must allege that: (1) they are "member[s] of a protected class"; (2) they were "qualified for [their] positions"; (3) they "experienced an adverse employment action"; and (4) "similarly situated individuals outside [their] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004). Plaintiffs' claims fail the fourth element, so the Court need not address the other dismissal arguments regarding the disparate-treatment theory.

"[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Vasquez v. County of Los Angeles*, 349 F.3d 634 (9th Cir. 2003), *as amended* (Jan. 2, 2004). Meza and Bonkowski believe that they "are similarly situated to the unvaccinated employees who have been granted a medical exemption" and continued to work on campus, claiming that "both groups" were "unvaccinated" and performed "substantially similar functions in substantially similar environments at the campus." (ECF 95, at 42, 45.) Yet these conclusory statements are mere "naked assertions devoid of further factual enhancement." *See Iqbal*, 556 U.S. at 678 (cleaned up). Based on such "[t]hreadbare recitals," the Court cannot determine whether plaintiffs are situated similarly with others outside the protected class. *See id.*; *Weiss v. Permanente Med. Grp.*, No. 23-CV-03490-RS, 2023 WL 8420974, at *3 (N.D. Cal. Dec. 4, 2023) ("Other than the fact

that Okoh and Weiss are coworkers, Weiss has further failed to provide sufficient facts showing they are similarly situated."); *Thompson v. Asante Health Sys.*, No. 1:23-CV-00486-CL, 2023 WL 7348812, at *7 (D. Or. Sept. 21, 2023) ("[N]othing indicates that seeking a medical exception is 'similar conduct' to seeking a religious exception.'"), *report and recommendation adopted*, No. 1:23-CV-00486-CL, 2023 WL 7326496 (D. Or. Nov. 7, 2023). And their contention that they are similarly situated to "unvaccinated students" strays even farther afield, as students do not have the same "jobs" as employees. (*See* ECF 95, at 17, 42.) Thus, the disparate-treatment claims are dismissed with leave to amend.

      b. *Failure to Accommodate*

Title VII claims for "failure to accommodate religion" are "analyzed under a burden-shifting framework." *Bolden-Hardge v. Office of Cal. State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). "First, the employee must plead a prima facie case of failure to accommodate religion. Second, if the employee is successful, the employer can show that it was nonetheless justified in not accommodating the employee's religious beliefs or practices." *Id.*

In this framework's first stage, a plaintiff must allege: (a) "a bona fide religious belief, the practice of which conflicts with an employment duty"; (b) that plaintiff "informed his employer of the belief and conflict"; and (c) that "the employer discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement." *Peterson*, 358 F.3d at 606. Defendants challenge the complaint's sufficiency only as to the last element. (ECF 100-1, at 31.)

Meza and Bonkowski satisfy their burden to allege that they were "threatened" with "adverse employment action." They both claim that they were threatened with "termination," which undoubtedly qualifies. *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Specifically, Meza's employer "informed" her "that it was moving forward with disciplinary hearings to terminate her employment for not complying with the vaccine mandate." (ECF 95, at 16–17.) And Bonkowski was given the options of testing "twice per week," providing "proof of full vaccination," or "using [his] vacation

and then unpaid leave," knowing his job would "only be protected until June 30, 2022." (*Id.* at 22.) Bonkowski's "religious beliefs prevent him from receiving the COVID-19 vaccine as well as the twice-weekly testing," so his only option to avoid religious conflict was unpaid leave and eventual termination. (*Id.* at 23.)

Thus, the burden shifts to defendants to show they undertook "some initial step to reasonably accommodate" plaintiffs' religious beliefs. *American Postal Workers Union v. Postmaster Gen.*, 781 F.2d 772 (9th Cir. 1986). While defendants were not required to "accept any accommodation, short of 'undue hardship,' proposed by an employee," they were required to offer an accommodation that would "effectively eliminate[] the religious conflict" while preserving "the affected employee's employment status." *Id.* at 776–77. Defendants have not shown how "accommodations" that include or lead to termination—or at the very least unpaid leave—would preserve Meza's and Bonkowski's employment status. *See American Postal Workers*, 781 F.2d at 776 (explaining preserving employment status includes preserving "compensation, terms, conditions, or privileges of employment"). Meza and Bonkowski have sufficiently pleaded their claim for failure to accommodate, and defendants' motion to dismiss is denied to that extent.

**D.  State Claims**

Plaintiffs' state-law claims are only for declaratory judgment (ECF 95, at 46–47), so they are dismissed as moot for the same reason as the § 1983 equitable-relief claims. *See Adams*, No. 23-cv-1220-AGS-DDL (S.D. Cal. Mar. 15, 2024), ECF 16, at 6–7, 9.

## CONCLUSION

Defendants' motion to dismiss is **GRANTED IN PART**, and their motion for judicial notice (ECF 108) is **GRANTED**. The Court orders that:

1. The state-law claims (claims 1 and 2) are **DISMISSED** as moot.

2. The religious-discrimination claims under 42 U.S.C. § 1983 (claims 3–5) are **DISMISSED**. Specifically, the § 1983 requests for declaratory and injunctive relief are dismissed as moot. The requests for § 1983 damages are dismissed with leave to amend.

3. The motion to dismiss Meza's and Bonkowski's Title VII failure-to-accommodate claims is **DENIED**. But all other Title VII claims, including Meza's and Bonkowski's disparate-treatment claims, are **DISMISSED** with leave to amend.

4. By April 12, 2024, plaintiffs must file any third amended complaint. Any such complaint is limited only to the surviving claims and to the claims that this Court granted leave to amend.

Dated: March 15, 2024

_____
Hon. Andrew G. Schopler
United States District Judge