1  DORA MEZA, Pro Se
2  25671 Hallmark Circle
   Homeland, CA. 92548
3  Dora.Meza@att.net



## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY GEORGE, ET AL.,<br><br>Plaintiff,<br><br>vs.<br><br>GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT BOARD OF GOVERNORS, ET AL.,<br><br>Defendant | Case No.: 3:22-cv-00424-L-AGS-DDL<br>Dept. 15B<br>Judge: Hon. Andrew G. Schopler<br>Magistrate Judge: Hon. David D. Leshner<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND FOR SANCTIONS, INCLUDING EVIDENTIARY EXCLUSION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DORA MEZA IN SUPPORT THEREOF**<br><br>*[Filed concurrently with proposed order]*<br><br>Action Date: March 30, 2022<br>Final Pretrial Conf: December 12, 2025<br>Trial Date: Not Set |

### NOTICE OF MOTION AND MOTION
### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 30, 2025 or as soon thereafter as the matter may be heard in Courtroom 15B of the above-entitled court, Plaintiff Dora Meza will and hereby does move the Court for an order compelling further discovery responses and imposing sanctions against Defendant San Diego

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND FOR SANCTIONS, INCLUDING EVIDENTIARY EXCLUSION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DORA MEZA IN SUPPORT THEREOF - 1

Community College District pursuant to Federal Rules of Civil Procedure 26, 34, 37(b), and 37(c)(1).

This Motion is based on Defendant's failure to timely produce highly relevant documents and identify witnesses relating to any individualized assessment or risk analysis allegedly conducted concerning Plaintiff's religious accommodation request, as well as their violation of this Court's April 3, 2025 Order (Dkt. No. 155) and April 25, 2025 Order (Dkt. No. 162), requiring full compliance with discovery obligations.

During several emails, meet and confer over the phone and even requesting assistance from the court to get through the process, Plaintiff and Defendant discussed discovery discrepancies over production of documents and interrogatories responses:

Request For Production No. 2: "All documents, policies, guidelines, or directives that SDCCD used to evaluate and determine whether an employee who was granted a religious exemption from the COVID-19 vaccine could be reasonably accommodated".

Despite this clear directive, Defendant's failed to timely produce until April 25, 2025; the August 7, 2022 email (SDCCD 00520) from Gregory Smith to District leadership, which directly discusses the denial of Plaintiff's religious accommodation request based on risk factors associated with Plaintiff's essential job duties.

1  The late-produced email falls squarely within the scope of Plaintiff's RFP
2  No. 2. It's omission from prior productions, as well as from privilege logs, and
3  initial disclosures, despite multiple meet and confer discussions specifically
4  addressing RFP No. 2, demonstrates willful discovery misconduct and severely
5  prejudices Plaintiff's ability to litigate her Title VII claims.

7  The recent production of August 7, 2022 email (SDCCD 000520) further
8  supports the concerns the Plaintiff addressed with Court over deficient responses
9  such as:

11  Interrogatory No. 1: "State all reasons why Plaintiff was placed on
12  administrative leave on August 22, 2022, and describe in detail the specific factors
13  that led to the decision, including but Plaintiff on administrative leave in August
14  2022, and state whether any of those individuals expressed concerns, objections, or
15  alternative recommendations regarding Plaintiff's work status. Plaintiff on
16  administrative leave in August 2022, and state whether any of those individuals
17  expressed concerns, objections, or alternative recommendations regarding
18  Plaintiff's work status".

20  The Defendant's supplemental response to Interrogatory No.1, omitted from
21  their response details of August 7, 2022 email that outlined the strategic approach
22  SDCCD was taking to reduce their retaliation exposure due to plaintiffs legal
23  religious discrimination claim. Which included proceeding with a timely
24  constructive termination proceeding they had in-store for Plaintiff Dora Meza.

26  Interrogatory No. 3: "Describe the process SDCCD followed to determine
27  whether Plaintiff's continued presence at work after receiving a religious

exemption would pose a risk to workplace safety, and state whether SDCCD conducted an "undue hardship" analysis is defined by the Supreme Court in Groff v. DeJoy, 600 U.S. 447 (2023)".

Furthermore, the August 7, 2022 email directly exposes the incompleteness of Defendant's supplemental response to Interrogatory No. 3. which required Defendant's to describe the process used to assess whether Plaintiff's continued presence posed a safety risk and whether an undue hardship analysis compliant with Groff v. DeJoy was conducted.

Defendant's generic narrative about CDC guidance and consultations omitted the actual administrative directive to deny Plaintiff's accommodation and initiate termination proceedings, revealed for the first time in the withheld August 7, 2022 email.

Thus, Defendant's failed to fully and accurately answer interrogatory No. 1, and interrogatory No. 3, causing severe prejudice to Plaintiff's ability to litigate her retaliation and failure to accommodate claims.

Plaintiff further moves for an order excluding at trial or in dispositive motions any documents, communications, or verbal testimony purporting to describe, reflect, or assert the existence of an individualized assessment or risk analysis not timely disclosed during discovery.

The Motion is based upon this Notice, the attached Memorandum of Points and Authorities, the Declaration of Dora Meza, all pleadings and records on file in this action, and any oral argument permitted by the Court.

MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

This Motion arises out of Defendant's failure to timely produce critical documents and identify witnesses relating to an alleged "individualized assessment" an "risk analysis" that Defendant's claimed justified denying Plaintiff's religious accommodation request. Despite Court orders, including the Court's April 3, 2025 Order (Dkt. No. 155) and April 25, 2025 Order (Dkt. No. 162) requiring full disclosure and supplementation, Defendant's produced a highly material August 7, 2022 email (designated SDCCD 00520) for the first time on April 25, 2025, long after the close of fact discovery.

During the meet and confer process, Plaintiff specifically discussed Request For Production No. 2, which required production of all documents concerning individualized assessments and risk analysis regarding Plaintiff's religious accommodation.

Email Defendant's produced (SDCCD 00520) fits precisely within the scope of RFP No. 2. The content of the email is relevant to details requested as part of interrogatories. No.1, and No.3. Defendant's failure to produce this document earlier, provide full and complete responses to discovery request and failure to identify witnesses involved, severely prejudices Plaintiff's ability to prepare and present her case.

II. FACTUAL BACKGROUND

Defendant's previously asserted in discovery and motion practice that individualized assessments, and risk analysis were conducted to determine that accommodating Plaintiff's religious exemption request would pose an undue hardship. However, Defendant's failed to timely produce any documents reflecting such an assessment, to identify any witness with personal knowledge of the preparation, process, or findings of such an assessment, or to list responsive materials on their privilege log as required by Rule 26 and this Court's orders.

On April 25, 2025, Defendant's produced for the first time an August 7, 2022 email (SDCCD 00520) from Gregory Smith to senior District officials explicitly addressing the decision to deny Plaintiff's accommodation and place her on administrative leave. This document is highly material because it shows retaliatory animus and undermines Defendant's undue hardship defense as pretextual. Defendant's never previously produced this communication, never identified it on their privilege log, and never disclosed any witness who could provide testimony regarding the alleged individualized assessment or risk analysis.

Additionally, during the April 24, 2025 discovery conference before Magistrate Judge David D. Leshner, the Court inquired why Plaintiff believed that Defendant's supplemental discovery responses were incomplete. The production of the August 7, 2022 email (SDCCD 00520) after the conference fully supports Plaintiff's concern. The email reveals that Gregory Smith, who at the time was Vice Chancellor of Human Resources, provided specific direction to President of San Diego City College, Ricky Shabazz and Vice President Marciano Perez regarding the strategic decision to deny Plaintiff's accommodation and proceed with  constructive termination proceedings.

This directive, which goes to the heart of Plaintiff's Title VII claims for retaliation and failure to accommodate, was not disclosed in Defendant's supplemental interrogatory responses, production of documents, or privilege logs prior to April 25, 2025.

Its omission deprived Plaintiff of the opportunity to explore this critical line of inquiry during discovery, and underscores the incompleteness and prejudice Plaintiff raised before the Court.

III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(e) requires parties to timely supplement their disclosures and discovery responses. Under Rule 37(b) and 37(c)(1), the Court may sanction a party that fails to obey a discovery order or fails to provide information by excluding the undisclosed information or witness, among other remedies.

Sanctions are warranted where a party's non-disclosure is neither substantially justified nor harmless. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101 (9th Cir. 2001).

Additionally, courts possess inherent power to impose sanctions, including default judgment, to address bad faith litigation conduct and to protect the integrity of judicial proceedings. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764–66 (1980).

Under Ninth Circuit precedent, default judgment or other terminating sanctions are appropriate where discovery misconduct is willful, causes substantial prejudice, and renders lesser sanctions inadequate. See Connecticut General Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).

IV. ARGUMENT

A. Defendant's Violated Discovery Obligations and Court Orders

Defendant's failure to timely produce the August 7, 2022 email and to identify any witnesses with knowledge of the individualized assessment violates Rule 26(e) and the Court's April 3, 2025 Order (Dkt. No. 155) and April 25, 2025 Order (Dkt. No. 162) regarding discovery completeness.

B. Plaintiff Has Been Severely Prejudiced

The late disclosure deprived Plaintiff of the opportunity to explore critical evidence during depositions, seek additional discovery, or challenge Defendant's undue hardship defenses. Prejudice is presumed under Rule 37(c)(1).

C. Sanctions Including Exclusion Are Appropriate

The appropriate sanction is exclusion of the late-disclosed document and any testimony regarding an individualized assessment or risk analysis not properly disclosed. Rule 37(c)(1) provides for automatic exclusion absent substantial justification or harmlessness, neither of which applies here.

### D. Legal Authority for Sanctions and Default Judgment

The Supreme Court has recognized that courts possess inherent power to sanction discovery misconduct that threatens the integrity of the judicial process, including the authority to impose default judgment. See Roadway Express, 447 U.S. at 764–66. The Ninth Circuit has similarly held that terminating sanctions are warranted where a party's discovery abuses are willful, cause substantial prejudice, and cannot be addressed by lesser remedies. See Connecticut General Life Ins. Co., 482 F.3d at 1096.

In this case, Defendant's withholding of highly material evidence, failure to comply with court orders, and concealment of key decision-making documents severely prejudiced Plaintiff's ability to prepare her case and supports the imposition of sanctions under both the Federal Rules and the Court's inherent authority.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

Compel Defendant's to produce any outstanding documents reflecting an individualized assessment or risk analysis;

Exclude from trial or dispositive motions any documents, communications, or testimony concerning individualized assessments or risk analyses not disclosed in discovery;

Award Plaintiff her reasonable expenses and attorneys' fees incurred in bringing this Motion;

Grant such other and further relief as the Court deems just and proper.

Dated April 30, 2025

*Dora Meza* (signature)

Dora Meza, Pro Se

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND FOR SANCTIONS, INCLUDING EVIDENTIARY EXCLUSION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DORA MEZA IN SUPPORT THEREOF - 10