# EXHIBIT 3
# PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Case 3:22-cv-00424-AGS-DDL   Document 166-3   Filed 04/30/25   PageID.2523   Page 1 of 8

DORA MEZA    Pro Se
25671 Hallmark Circle
Homeland, CA. 92548
Dora.Meza@att.net
619-4140535

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| JUDY GEORGE, ET AL., | Case No.: 3:22-cv-424-L-AGS-DDL |
|---|---|
| PLAINTIFFS, | Dept.: 5B<br>Judge Andrew G. Schopler<br>Magistrate: Judge David D. Leshner |
| V. | |
| GROSSMONT CUYAMACA COMMUNITY COLLEGE DISTRICT GOVER. BOARD, ET AL.<br><br>DEFENDANTS. | **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS (RFP) TO DEFENDANT SAN DIEGO COMMUNITY COLLEGE DISTRICT**<br><br>ACTION FILED: MARCH 30, 2022 |

PROPOUNDING PARTY: DORA MEZA, Plaintiff

RESPONDING PARTY: SAN DIEGO COMMUNITY COLLEGE DISTRICT, Defendant

SET NO.:     ONE

Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, you are hereby requested to produce via US mail 25671 Hallmark Circle, Homeland,

1

CA. 92548. a copies of each and every document listed below, for the purpose of inspection of those documents, and copying and/or photocopying of those documents, and to provide the appropriate written response to this Request for Production of Documents, Set ONE, within the time limit provided by Rule 34 of the Federal Rules of Civil Procedure, as follows:

**PRELIMINARY STATEMENT**

1. That the production, inspection, and related activity demanded will be allowed either in whole or part.

2. That all documents or things in the demanded category that are in the possession, custody, or control of SDCCD, and or their agents including attorneys and to which no objection is being made will be included in the production.

3. If you lack the ability to comply with this demand or with any separate item or category, your written response should contain a representation of inability to comply either with the demand as a whole or with any particular separate item or category, and this representation must affirm that a diligent search and a reasonable inquiry have been made in an effort to comply with each separate item or category. The written response must specify whether the inability to comply is because the particular item or category of items: (1) Has never existed; (2) Has been destroyed; or (3) Has been lost, misplaced, or stolen, or has never

2

been, or is no longer, in the possession, custody or control of the Responding Party, together with the name and address of any natural person or organization known or believed by you to have possession, custody, or control of the item or category of items. If you deem part of an item or category of items in this demand to be objectionable, your written response shall contain a statement of compliance, or a representation of inability to comply with respect to the remainder of that item or category. If you object to the demand for inspection of an item or category of items, your written response must set forth clearly the extent, and the specific ground, of the objection. If any of the materials requested below are claimed to be privileged, please state:

    A.    A brief description of the nature and content of the matter claimed to be privileged;

    B.    The name, occupation and capacity of the individual from whom the privileged matter emanated;

    C.    The name, occupation and capacity of the individual to whom the alleged privileged matter was directed;

    D.    The date of the document; and

    E.    The privilege claimed.

3

F.  If an objection is based on a claim that the information sought is protected work product, that claim shall be expressly asserted. If you object to the demand for an item or category of items, your response must:

I.  identify with particularity any document, tangible thing, or item falling within any category of items in the demand to which an objection is made, and set forth clearly the extent of, and the specific ground for, the objection.

**DEFINITIONS**

1. The term **"SDCCD"** means and refers to Defendant SDCCD and any person acting or purporting to act on its behalf, including, but not limited to, its elected or appointed officials, directors, managers, employees, AFT union presidents, SPAA presidents, ACE presidents, attorneys, accountants, consultants, and/or other agents or representatives and any of its departments.

2. The term **"Plaintiff"** means and refers to Plaintiff DORA MEZA the individual bringing this action, as well as her attorneys, agents, and representatives.

3. The terms **"DOCUMENTS"** is defined by Federal Rule of Civil Procedure 34(a) and includes, but is not limited to, existing or deleted computer files,

4

writings, drawings, graphs, charts, photographs, audio and video recordings, microfilm, data compilations, all forms of storage of ESI, including but not limited to personal computers, hand-held computers, cell phones, data collected and stored through use of the Internet including "bookmarks" and browser history identifying Web sites visited, voice-mail messages, and identifying information (including information stored on cell phones and hand-held communication devices) and digital photographs, charts, or graphs stored electronically, and all metadata.

4. The term **"COMMUNICATIONS"** means and refers to any oral, written, or electronic transmission of information, including, without limitation, meetings, discussions, conversations, telephone calls, voicemail messages, memoranda, letters, e-mails (including all attachments), text messages, instant messages (including instant messages exchanged on mobile apps), video recordings, electronic communications, facsimiles, conferences, or seminars.

**REQUEST FOR PRODUCTION NO. 1:**

All internal emails, memoranda, meeting notes, reports, or communications between SDCCD personnel and/or outside consultants discussing the COVID-19

5

risks posed by vaccinated and unvaccinated employees from May 1, 2021, to March 30, 2023.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, policies, guidelines, or directives that SDCCD used to evaluate and determine whether an employee who was granted a religious exemption from the COVID-19 vaccine could be reasonably accommodated.

**REQUEST FOR PRODUCTION NO. 3:**

All records of reported COVID-19 positive cases among SDCCD employees, specifying whether the employees were vaccinated or unvaccinated, from May 1, 2021, to March 30, 2023.

**REQUEST FOR PRODUCTION NO. 4:**

All records, emails, policies, or communications discussing how SDCCD handled employees who tested positive for COVID-19, including whether vaccinated and unvaccinated employees were subject to different quarantine, leave, or return-to-work policies.

**REQUEST FOR PRODUCTION NO. 5:**

All communications between SDCCD Elected Board members, AFT President-Jim Mahler, Human Resources personnel, administrators, and legal

6

counsel discussing Plaintiff Dora Meza's religious exemption, administrative leave, or return-to-work status.

**REQUEST FOR PRODUCTION NO. 6:**

All communications, policies, or meeting records discussing how SDCCD implemented or enforced accommodations for employees who were granted medical exemptions from the COVID-19 vaccine.

**REQUEST FOR PRODUCTION NO. 7:**

All documents, reports, or communications discussing disciplinary actions, administrative leave, or termination for non-compliance with SDCCD's COVID-19 policies, specifying whether the employees in question sought a religious exemption, a medical exemption, or did not seek an exemption.

Dated February 7, 2025.

DORA MEZA, Pro Se