# EXHIBIT 6
# DEFENDANTS RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES & SUPPLEMENTAL RESPONSES

1 | ARTIANO SHINOFF
Paul V. Carelli, IV, Esq. (SBN 190773)
2 | pcarelli@as7law.com
Jack M. Sleeth Jr., Esq. (SBN 108638)
3 | jsleeth@as7law.com
Maurice A. Bumbu, Esq. (SBN 325343)
4 | mbumbu@as7law.com
3636 Fourth Avenue, Suite 200
5 | San Diego, California 92103
Telephone: 619-232-3122
6 | Facsimile: 619-232-3264

7 | Attorneys for Defendant SAN DIEGO
COMMUNITY COLLEGE DISTRICT

8

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| JUDY GEORGE, et al., | Case No.: 3:22-cv-424-L-AGS-DDL |
| | Dept.: 5B |
| Plaintiffs, | Judge Andrew G. Schopler |
| | Magistrate: Judge David D. Leshner |
| v. | |
| GROSSMONT CUYAMACA | **SAN DIEGO COMMUNITY** |
| COMMUNITY COLLEGE DISTRICT | **COLLEGE DISTRICT RESPONSE** |
| GOVERNING BOARD, et al, | **TO DORA MEZA'S** |
| | **INTERROGATORIES, SET ONE** |
| Defendants. | |
| | Action Date: March 30, 2022 |
| | Trial date:   December 12, 2025 (final |
| | pretrial conference) |

PROPOUNDING PARTY:        DORA MEZA, Plaintiff

RESPONDING PARTY:        SAN DIEGO COMMUNITY COLLEGE DISTRICT,

                    Defendant

SET NO.:                ONE

Pursuant to California Code of Civil Procedure section 2030, et seq., Defendant SAN DIEGO COMMUNITY COLLEGE DISTRICT ("Defendant" or "Responding Party") makes the following responses and objections to the Interrogatories. These responses and objections to the Interrogatories are    made solely for the purpose of this action.   Each answer is subject to all objections as to competence,

1

{AS7 Law San Diego/001037/000607/DI/S0593822.DOCX}

relevance, materiality, propriety, and admissibility in any and all objections and grounds that would require the exclusion of any statement herein if the Interrogatories were asked of, or any statement or admission contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at time of trial.

The following responses are based on information presently available to Responding Party, and except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Responding Party has answered part or all of the Interrogatory is not intended, and shall not be construed to be waived by Responding Party of all or any part of any objection to any Interrogatory. To the extent any and all of the Interrogatories call for information which constitutes information or material prepared in anticipation of litigation, or for trial, or information or material covered by the work product doctrine, or which constitutes information which is privileged by virtue of the attorney client privilege, Responding Party objects to each and every such Interrogatory and thus will not supply or render any information or material protected from discovery by virtue of the work product doctrine or attorney client privilege.

To the extent that these Interrogatories assume facts that have not been established or are not known to this Responding Party, they are objected to.

Responding Party has made a diligent search and inquiry in order to gather information in responsive to these interrogatories. However, Responding Party specifically reserves its right to supplement its responses to these interrogatories as discovery and investigation is continuing.

## RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

State all reasons why Plaintiff was placed on administrative leave on August 22, 2022, and describe in detail the specific factors that led to the decision, including but

2

ARTIANO SHINOFF

1  not limited to the role of Plaintiff's religious exemption in the determination.

2  **RESPONSE TO INTERROGATORY NO. 1:**

3  　　　Objection. Responding Party objects to the interrogatory on the grounds that it is

4  overbroad and calls for an extensive narrative response, and is compound. Without

5  waiving the foregoing objections, Responding Party responds as follows: As described

6  in Vice Chancellor Gregory Smith's August 16, 2022 email correspondence to Plaintiff,

7  at its June 9, 2022 meeting the Board of Trustees directed the District to continue

8  requiring all employees to be vaccinated against COVID-19 or have an approved legal

9  exemption and reasonable accommodation to work while being unvaccinated.　While

10  the District granted Plaintiff's religious exemption, the District determined　that

11  reasonable accommodations to allow Plaintiff to work while remaining　unvaccinated

12  could not be made at that time. The District's determination was based on a variety　of

13  factors, including Plaintiff's essential job duties, the level of close contact with　others

14  required to perform her essential job duties, and the availability of other protective

15  measures to adequately protect her health and safety and the health and safety of others.

16  Based on these factors, the District determined that it was not feasible to reasonably

17  modify Plaintiff's work environment, working conditions, and level of close　contact

18  with others within the parameters recommended by federal, state, and local health

19  authorities. Additionally, the aggregate and individual effect of employees who　were

20  on leave as an accommodation for a vaccination exemption became an undue hardship

21  on SDCCD because it was unable to hire individuals to "backfill" for the employees

22  who were on leave, and it could not continue indefinitely to conduct its operations

23  appropriately and effectively without having employees working in those positions.

24  　　　Discovery and investigation continue and Responding Party reserves the right to

25  amend or supplement this response.

26  **INTERROGATORY NO. 2:**

27  　　　Identify all SDCCD personnel who were involved in the decision to place

28

SAN DIEGO COMMUNITY COLLEGE DISTRICT RESPONSE                    3:22-cv-424-L-AGS-DDL
TO DORA MEZA'S INTERROGATORIES, SET ONE

{AS7 Law San Diego/001037/000607/DI/S0593822.DOCX}

ARTIANO SHINOFF

Plaintiff on administrative leave in August 2022, and state whether any of those individuals expressed concerns, objections, or alternative recommendations regarding Plaintiff's work status.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. Responding Party objects that the interrogatory is overly broad. The interrogatory is also vague and ambiguous as to the term "work status," and is compound. Without waiving the objections and subject to them, Responding Party responds as follows: Vice Chancellor Greg Smith, Risk Manager Frank Fennessey, and General Counsel Ljubisa Kostic. These individuals did not express concerns, objections, or alternative recommendations regarding Plaintiff's placement on paid administrative leave.

Discovery and investigation continue and Responding Party reserves the right to amend or supplement this response.

**INTERROGATORY NO. 3:**

Describe the process SDCCD followed to determine whether    Plaintiff's continued presence at work after receiving a religious exemption would pose a risk to workplace safety, and state whether SDCCD conducted an "undue hardship"  analysis is defined by the Supreme Court in Groff v. DeJoy, 600 U.S. 447 (2023).

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. Responding Party objects to the interrogatory as being compound, and on the grounds that the interrogatory is overly broad    and vague and ambiguous as to time. The interrogatory also calls for a legal conclusion, is duplicative of Interrogatory No. 1, and is compound. Without waiving the foregoing objections, Responding Party responds as follows: From the beginning of the COVID-19 pandemic,  SDCCD continuously received, reviewed, and followed federal, state, and local laws and guidance, including from the Centers for Disease Control and Prevention (CDC), California Department of Public Health (CDPH),  and Cal/OSHA; attended weekly

4

1  public health meetings; and consulted with broad constituent groups including  union
2  members and representatives. As described in Vice Chancellor Gregory Smith's August
3  16, 2022 email correspondence to Plaintiff, at its June 9, 2022 meeting the Board of
4  Trustees directed the District to continue requiring all employees to be vaccinated
5  against  COVID-19  or  have  an  approved  legal  exemption  and  reasonable
6  accommodation to work while being unvaccinated.  While the District    granted
7  Plaintiff's  religious  exemption,  the  District  determined  that  reasonable
8  accommodations to allow Plaintiff to work while remaining unvaccinated could not be
9  made at that time.  SDCCD did conduct an  undue hardship    analysis.  The District's
10  determination was based on  a variety of factors, including  Plaintiff's essential  job
11  duties, the level of close contact with others required to perform her essential job duties,
12  and the availability of other protective measures to adequately protect her health  and
13  safety and the health and safety of others. Based on these factors, the District determined
14  that it was not feasible to reasonably modify Plaintiff's work environment, working
15  conditions, and level of close contact with others within the parameters  recommended
16  by federal, state, and local health authorities. Additionally, the aggregate and individual
17  effect of employees who were on leave as an accommodation for a vaccination
18  exemption became an undue hardship on SDCCD because it was unable to hire
19  individuals to "backfill" for the employees who were on leave, and it could not continue
20  indefinitely to  conduct its operations  appropriately  and effectively  without    having
21  employees working in those positions.

22      Discovery and investigation continue and Responding Party reserves the right to
23  amend or supplement this response.

24  **INTERROGATORY NO. 4:**

25      State whether SDCCD conducted any individualized assessment of    Plaintiff's
26  ability to safely perform her job after granting her religious exemption, and if so,
27  describe the proves, findings, and whether SDCCD determined that accommodating

28

5

ARTIANO SHINOFF

1   Plaintiff would impose a "substantial increased cost" on its operations as   required by

2   Groff v. DeJoy, 600 U.S. 447 (2023).

3   **RESPONSE TO INTERROGATORY NO. 4:**

4       Objection. Responding Party objects to the interrogatory on the grounds that it is

5   vague and ambiguous as to the phrase "safely perform her job." Responding Party

6   further objects to the interrogatory on the grounds that it calls for a legal   conclusion.

7   The interrogatory is also unintelligible as to the word "proves," is compound, and is

8   duplicative of Interrogatory No. 1. Without waiving the foregoing    objections,

9   Responding Party responds as follows: Yes, SDCCD conducted an individualized

10   assessment of Plaintiff's    ability to safely perform her job after granting her religious

11   exemption. As described in Vice Chancellor Gregory Smith's August 16, 2022   email

12   correspondence to Plaintiff,  at its June 9, 2022 meeting the Board of Trustees directed

13   the District to continue requiring all employees to be vaccinated against COVID-19 or

14   have an approved legal exemption and reasonable accommodation to work while being

15   unvaccinated. While the District granted Plaintiff's religious exemption, the    District

16   determined that reasonable accommodations to allow Plaintiff to work while remaining

17   unvaccinated could not be made at that time. SDCCD did conduct an undue   hardship

18   analysis. The District's determination was based on a variety of factors, including

19   Plaintiff's essential job duties, the level of close contact with others required to perform

20   her essential job duties, and the availability of other protective measures to adequately

21   protect her health and safety and the health and safety of others. Based on these factors,

22   the District determined that it was not feasible to reasonably modify Plaintiff's   work

23   environment, working conditions, and level of close contact with others within the

24   parameters recommended by federal, state, and local health authorities.   Additionally,

25   the aggregate  and individual  effect of employees who were on leave as    an

26   accommodation for a vaccination exemption became an undue hardship on SDCCD

27   because it was unable to hire individuals to "backfill" for the employees who were on

28

ARTIANO SHINOFF

**SAN DIEGO COMMUNITY COLLEGE DISTRICT RESPONSE**          **3:22-cv-424-L-AGS-DDL**
**TO DORA MEZA'S INTERROGATORIES, SET ONE**

{AS7 Law San Diego/001037/000607/DIS0593822.DOCX}

1  leave, and it could not conduct its operations appropriately and effectively without
2  having employees working in those positions.

3      Discovery and investigation continue and Responding Party reserves the right to
4  amend or supplement this response.

5  **INTERROGATORY NO. 5:**

6      Describe all considerations SDCCD took into account when deciding whether to
7  allow Plaintiff to return to work before March 6, 2023, and whether SDCCD determined
8  that doing so would create an "undue hardship" under the Groff v. DeJoy, 600 U.S. 447
9  (2023) standard.

10  **RESPONSE TO INTERROGATORY NO. 5:**

11      Objection. Responding Party objects to the interrogatory on the grounds that it is
12  overbroad, calls for an extensive narrative, and is vague and ambiguous as to time.
13  Responding Party further objects to the interrogatory on the grounds that it calls for a
14  legal conclusion, and is compound. Without waiving the foregoing    objections,
15  Responding Party responds as follows: After being placed on paid administrative leave
16  in August 2022, Plaintiff was always permitted to return to work before March 6, 2023
17  so long as she complied with SDCCD's COVID-19 protocols. As to   Plaintiff's
18  placement on paid administrative leave from August 2022 through March    2023,  the
19  District's determination was based on a variety of factors, including Plaintiff's essential
20  job duties, the level of close contact with others required to perform her essential   job
21  duties, and the availability of other protective measures to adequately protect her health
22  and safety and the health and safety of others. Based on these factors, the District
23  determined that it was not feasible to reasonably modify Plaintiff's work environment,
24  working conditions, and level of close contact with others within the parameters
25  recommended by federal, state, and local health authorities. Additionally, the aggregate
26  and individual effect of employees who were on leave as an accommodation for a
27  vaccination exemption became an undue hardship on SDCCD because it was unable to

28

ARTIANO SHINOFF

7

{AS7 Law San Diego/001037/000607/DI/S0593822.DOCX}

1  hire individuals to "backfill" for the employees who were on leave, and it could not
2  conduct its operations appropriately and effectively without having employees working
3  in those positions.

4  Discovery and investigation continue and Responding Party reserves the right to
5  amend or supplement this response.

6  **INTERROGATORY NO. 6:**

7  Identify all SDCCD employees and contractors who were granted religious
8  exemptions from the COVID-19 vaccine mandate between 2021 and 2023.

9  **RESPONSE TO INTERROGATORY NO. 6:**

10  Objection. Responding Party objects to the interrogatory on the grounds that it
11  seeks information protected by the right of privacy of third-party individuals. The
12  interrogatory also seeks information protected from disclosure by state and federal law,
13  including HIPAA. The interrogatory is also overbroad, and argumentative as to the term
14  "COVID-19 vaccine mandate." Without waiving the foregoing objections, Responding
15  Party responds as follows: SDCCD refers Plaintiff to its response to Plaintiff's Public
16  Records Act request. Between July 1, 2021 and March 30, 2022, SDCCD granted
17  religious exemptions to 316 employees.

18  Discovery and investigation continue and Responding Party reserves the right to
19  amend or supplement this response.

20  **INTERROGATORY NO. 7:**

21  Identify all SDCCD employees or contractors who were granted medical
22  exemptions from the COVID-19 vaccine mandate between 2021 and 2023, and state
23  whether each individual was permitted to continue working on-site, was placed on
24  leave, or was otherwise restricted.

25  **RESPONSE TO INTERROGATORY NO. 7:**

26  Objection. Responding Party objects to the interrogatory on the grounds that it
27  seeks information protected by the right of privacy of third-party individuals. The

ARTIANO SHINOFF

8

1  information requested is protected from disclosure by state and federal privacy   laws,

2  including the Health Insurance Portability and Accountability Act (HIPAA), and is

3  compound. Responding Party further objects to the interrogatory on the grounds that it

4  is not calculated to lead to the discovery of relevant, admissible evidence. See Plaintiff's

5  Response to SDCCD Interrogatory No. 7.

6         Discovery and investigation continue and Responding Party reserves the right to

7  amend or supplement this response.

8  **INTERROGATORY NO. 8:**

9         Describe all accommodations SDCCD provided to employees who   received

10  medical exemptions and compare those accommodations to those provided      to

11  employees who received religious exemptions. Additionally, state whether SDCCD

12  determined that providing religious accommodations, but not medical accommodations,

13  would impose a "substantial increased cost" as required under Groff v. DeJoy, 600 U.S.

14  447 (2023).

15  **RESPONSE TO INTERROGATORY NO. 8:**

16         Objection. Responding Party objects to the interrogatory on the grounds that   it

17  seeks information protected by the right of privacy of third-party individuals.    The

18  information requested is protected from disclosure by state and federal privacy   laws,

19  including the Health Insurance Portability and Accountability Act (HIPAA).

20  Responding Party further objects to the interrogatory on the grounds that it is not

21  calculated to lead to the discovery of relevant, admissible evidence. See Plaintiff's

22  Response to SDCCD Interrogatory No. 7. The interrogatory is also    overbroad,

23  compound, and vague as to time. Without waiving the foregoing     objections,

24  Responding Party responds as follows: The accommodations provided to    employees

25  regardless of whether they had been granted religious exemptions or medical

26  exemptions generally consisted of being permitted to either work on site fully    or

27  partially; work remote fully or partially; or using leave. Generally, the determination of

28

ARTIANO SHINOFF

9

1  the appropriate accommodation did not depend on whether an employee was granted a

2  religious or medical exemption. However, if, for instance, an employee had a medical

3  condition that increased the risk of COVID-19 complications, including death, to an

4  unacceptable degree based on medical documentation from a licensed healthcare

5  provider, such individual medical needs were considered when determining the

6  appropriate accommodation.

7       Discovery and investigation continue and Responding Party reserves the right to

8  amend or supplement this response.

9  **INTERROGATORY NO. 9:**

10       Identify any SDCCD employees with medical exemptions who were allowed to

11  work on-site but did not comply with weekly testing, masking, or distancing policies,

12  and state whether they faced disciplinary action.

13  **RESPONSE TO INTERROGATORY NO. 9:**

14       Objection. Responding Party objects to the interrogatory on the grounds that it

15  seeks information protected by the right of privacy of third-party individuals, including

16  confidential personnel matters relating to employee discipline. The information

17  requested is protected from disclosure by state and federal privacy laws, including the

18  Health Insurance Portability and Accountability Act (HIPAA). Responding Party

19  further objects to the interrogatory on the grounds that it is not calculated to lead to the

20  discovery of relevant, admissible evidence. See Plaintiff's Response to SDCCD

21  Interrogatory No. 7. The interrogatory is also vague as to time, overbroad, and

22  compound. Without waiving the foregoing objections, Responding Party responds as

23  follows: No SDCCD employee who received a medical exemption was permitted to

24  work onsite and also allowed to not comply with weekly testing, masking, or distancing

25  policies. It is not possible for the District to state at this time whether all such employees

26  complied with its policies and directives at all times.

27       Discovery and investigation continue and Responding Party reserves the right to

28

SAN DIEGO COMMUNITY COLLEGE DISTRICT RESPONSE
TO DORA MEZA'S INTERROGATORIES, SET ONE
                                       **3:22-cv-424-L-AGS-DDL**

{AS7 Law San Diego/001037/000607/DI/S0593822.DOCX}

ARTIANO SHINOFF

1 | amend or supplement this response.

2 | **INTERROGATORY NO. 10:**

3 | Describe any disciplinary action SDCCD took against vaccinated employees who
4 | tested positive for COVID-19 and compare it to the actions taken against unvaccinated
5 | employees with religious exemptions.

6 | **RESPONSE TO INTERROGATORY NO. 10:**

7 | Objection. Responding Party objects to the interrogatory on the grounds that it
8 | seeks information protected by the right of privacy of third-party individuals, including
9 | confidential personnel matters relating to employee discipline. The information
10 | requested is protected from disclosure by state and federal privacy laws, including the
11 | Health Insurance Portability and Accountability Act (HIPAA). The interrogatory is also
12 | compound. Without waiving the foregoing objections, Responding Party responds as
13 | follows: SDCCD did not take disciplinary action against employees who were
14 | vaccinated for COVID-19 and tested positive for COVID-19. Therefore, there is no
15 | disciplinary action to "compare." Moreover, SDCCD did not take disciplinary action
16 | against unvaccinated employees with religious exemptions because they tested positive
17 | for Covid-19.

18 | Discovery and investigation continue and Responding Party reserves the right to
19 | amend or supplement this response.

20 | **INTERROGATORY NO. 11:**

21 | State how many SDCCD employees tested positive for COVID-19 between May
22 | 1, 2021 and March 30, 2023, specifying how many were vaccinated and how many were
23 | unvaccinated.

24 | **RESPONSE TO INTERROGATORY NO. 11:**

25 | As provided to Plaintiff in response to her Public Records Act request to SDCCD,
26 | the total number of employees who tested positive for COVID-19 between May 1, 2021
27 | and March 30, 2023 was 847. 761 of these employees were vaccinated and 86 were

28 | 11

ARTIANO SHINOFF

1    unvaccinated.

2      Discovery and investigation continue and Responding Party reserves the right to

3    amend or supplement this response.

4    **INTERROGATORY NO. 12:**

5      State whether SDCCD had a policy in place to track whether employees who

6    tested positive for COVID-19 were vaccinated or unvaccinated and explain how such

7    data was used in workplace safety determinations.

8    **RESPONSE TO INTERROGATORY NO. 12:**

9      Responding Party objects to the interrogatory on the grounds that it is vague and

10   ambiguous as to the terms "policy" and "track," and is compound. Without waiving the

11   foregoing objections, Responding Party responds as follows: SDCCD kept track of

12   COVID-19 cases, including vaccination status, as required by Cal-OSHA and in

13   accordance with guidelines and recommendations from outside agencies. The data was

14   used to assure that appropriate and mandated protocols were followed (quarantine,

15   return to work, etc.), which required SDCCD to track whether the employee was

16   vaccinated.

17     Discovery and investigation continue and Responding Party reserves the right to

18   amend or supplement this response.

19   **INTERROGATORY NO. 13:**

20     Identify and describe any internal studies, reports, or data analyses SDCCD

21   conducted or reviewed between 2021 and 2023 comparing COVID-19 transmission

22   rates among vaccinated and unvaccinated employees, and state whether SDCCD relied

23   on these studies to justify claims of "undue hardship" in denying religious

24   accommodations under the Gross v. DeJoy, 600 U.S. 477 (2023) standard.

25   **RESPONSE TO INTERROGATORY NO. 13:**

26     Objection. Responding Party objects to the interrogatory on the grounds that it is

27   overbroad, compound, vague, and argumentative. The information requested may be

28   12

ARTIANO SHINOFF

protected from disclosure by state and federal privacy laws, including the Health Insurance Portability and Accountability Act (HIPAA). Without waiving the foregoing objections, Responding Party responds as follows: SDCCD did not conduct internal studies, reports or data analyses comparing COVID-19 transmission rates among vaccinated employees. SDCCD received, reviewed and followed local, state, and federal laws, guidelines and regulations, which may have included studies, reports, or data analyses comparing COVID-19 transmission rates among vaccinated and unvaccinated individuals contained therein. To the extent the interrogatory requests SDCCD to identify all of these studies, reports, or data analyses in such local, state, and federal laws, guidelines and regulations, it is an overly burdensome request.

Discovery and investigation continue and Responding Party reserves the right to amend or supplement this response.

**INTERROGATORY NO. 14:**

Identify all SDCCD employees who were disciplined, placed on leave, or terminated for non-compliance with COVID-19 policies, specifying whether they sought a religious exemption, a medical exemption, or did not seek an exemption.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. Responding Party objects to the interrogatory on the grounds that it seeks information protected by the right of privacy of third-party individuals, including confidential personnel matters relating to employee discipline. The information requested is protected from disclosure by state and federal privacy laws, including the Health Insurance Portability and Accountability Act (HIPAA). Responding Party further objects to the interrogatory on the grounds that it is not calculated to lead to the discovery of relevant, admissible evidence. See Plaintiff's Response to SDCCD Interrogatory No. 7. The interrogatory is also compound.

**INTERROGATORY NO. 15:**

Identify all meetings, emails, memoranda, or policy discussions in which

13

SDCCD personnel discussed the relative COVID-19 risks of vaccinated vs. unvaccinated employees, and state whether religious exemption holders were specifically addressed.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection. Responding Party objects to the interrogatory on the grounds that it is overbroad, compound, and vague and ambiguous as to the terms "policy discussions" and "addressed." The information requested is also protected from disclosure by state and federal privacy laws, including the Health Insurance Portability and Accountability Act (HIPAA). Without waiving the foregoing objections, Responding Party responds as follows: It is not possible to identify all meetings and conversations about a pandemic that took place over a period of years. SDCCD acknowledges that its employees necessarily discussed vaccination and its effectiveness, as well as exemptions from vaccination, including religious exemptions.

Discovery and investigation continue and Responding Party reserves the right to amend or supplement this response.

**INTERROGATORY NO. 16:**

Identify all communications between SDCCD Human Resources personnel, administrators, and legal counsel discussing Plaintiff's religious exemption, administrative leave, or return-to-work-status. Additionally, state whether any of these communications reference "undue hardship" as defined in Groff v. DeJoy, 600 U.S. 447 (2023).

**RESPONSE TO INTERROGATORY NO. 16:**

Objection. Responding Party objects to the interrogatory on the grounds that it violates the attorney-client privilege and attorney work product doctrine. Responding Party further objects to the interrogatory on the grounds that it is vague and ambiguous and compound.

Discovery and investigation continue and Responding Party reserves the right to

14

ARTIANO SHINOFF

1    amend or supplement this response.

2    **INTERROGATORY NO. 17:**

3    For each SDCCD responses to Requests for Admissions, Set One (served on
4    January 29, 2025) which is not an unqualified admission, state (a) the number of
5    Request, (b) all facts on which SDCCD base THEIR response, (c) the names, addresses,
6    and telephone numbers of all persons who have knowledge of those facts, and (d)
7    identify all documents that support SDCCD response.

8    **RESPONSE TO INTERROGATORY NO. 17:**

9    (a) 1 (Supplemental Response)

10    (b) Plaintiff was placed on paid administrative leave effective August 22, 2022.

11    (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may be
12    reached through SDCCD's counsel of record

13    (d) Greg Smith August 16, 2022 email correspondence to Plaintiff

14    (a) 3

15    (b) As of December 2, 2021, California law (AB 685) required the District to
16    notify employees who were potentially exposed to COVID-19.

17    (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may be
18    reached through SDCCD's counsel of record

19    (d) "AB 685 Summary." Discovery and investigation continue.

20    (a) 4 (Supplemental Response)

21    (b) Responding Party denies that it knew, prior to August 22, 2022, that the
22    COVID-19 vaccine, or any particular COVID-19 vaccine, did not prevent transmission
23    of COVID-19, nor did it know at that time to what exact degree any particular Covid-
24    19 vaccine was effective at preventing transmission of COVID-19.

25    (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may be
26    reached through SDCCD's counsel of record

27    (d) None at this time. Discovery and investigation continue.

28

ARTIANO SHINOFF

15

1    (a) 5

2    (b) SDCCD did not use COVID-19 testing as a tool to increase compliance of

3    Covid-19 vaccine among individuals with religious exemptions.

4    (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may  be

5    reached through SDCCD's counsel of record

6    (d) None at this time. Discovery and investigation continue.

7    (a) 6

8    (b) SDCCD's vaccination policy did not treat the COVID-19 vaccine as a

9    prerequisite for participation in on-site activities, institutional programs, and

10   professional development. The request for admission is overbroad, compound and

11   argumentative.

12   (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may  be

13   reached through SDCCD's counsel of record

14   (d) None at this time. Discovery and investigation continue.

15   (a) 7

16   (b) Like Request for Admission No. 4, SDCCD was not "aware" the COVID-19

17   vaccine did not prevent transmission of the virus. The request for admission  is

18   overbroad, compound and argumentative.

19   (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may  be

20   reached through SDCCD's counsel of record

21   (d) None at this time. Discovery and investigation continue.

22   (a) 8 (Supplemental Response)

23   (b) Responding Party admits that at certain times vaccinated employees were not

24   required to participate in mandatory weekly testing for COVID-19. There were also

25   times when testing was available and required of anyone who was going to be  present

26   on-site.

27   (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may be

28

{AS7 Law San Diego/001037/000607/DI/S0593822.DOCX}

ARTIANO SHINOFF

reached through SDCCD's counsel of record

(d) None at this time. Discovery and investigation continue.

Discovery and investigation continue and Responding Party reserves the right to amend or supplement this response.

**INTERROGATORY NO. 18:**

State whether SDCCD considered revising its workplace restrictions, based on its own data showing a higher number of COVID-19 cases among vaccinated employees, and if not, explain why.

**RESPONSE TO INTERROGATORY NO. 18:**

Objection. Responding Party objects to the interrogatory on the grounds that it assumes facts, namely that SDCCD's data showed a higher percentage of COVID-19 cases among vaccinated employees. Without waiving the foregoing objection, Responding Party responds as follows: Yes, SDCCD considered whether its data should impact its policies and protocols.

Discovery and investigation continue and Responding Party reserves the right to amend or supplement this response.

**INTERROGATORY NO. 19:**

Describe all workplace restrictions that were in place for vaccinated employees who tested positive for COVID-19 and whether those same restrictions were applied to unvaccinated employees with religious exemptions.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection. Responding Party objects to the interrogatory on the grounds that is vague and ambiguous as to the term "workplace restrictions" and is compound and overbroad. Without waiving the foregoing objections, Responding Party responds as follows: SDCCD uniformly followed federal, state, and local laws, guidance and policies, including those from the California Department of Public Health (CDPH) and Cal-OSHA. For example, the CDPH's June 9, 2022 Isolation and Quarantine Guidance

17

{AS7 Law San Diego/001037/000607/DL/S0593822.DOCX}

ARTIANO SHINOFF

ARTIANO SHINOFF

1 provided that regardless of vaccination status, employees who tested positive could
2 return to work after 5 days if the employee had a negative test, symptoms were
3 improving, and they wore a face covering (mask) at work for an additional 5 days.

4      Discovery and investigation continue and Responding Party reserves the right to
5 amend or supplement this response.

6 **INTERROGATORY NO. 20:**

7      Identify any vaccinated SDCCD employees who tested positive for COVID-19
8 and were permitted to continue working remotely, and state whether similar
9 accommodations were offered to unvaccinated employees with religious exemptions.

10 **RESPONSE TO INTERROGATORY NO. 20:**

11      Objection. Responding Party objects to the interrogatory on the grounds that it
12 seeks information protected by the right of privacy of third-party individuals. The
13 information requested is protected from disclosure by state and federal privacy laws,
14 including the Health Insurance Portability and Accountability Act (HIPAA). The
15 interrogatory is also compound.

16      Discovery and investigation continue and Responding Party reserves the right to
17 amend or supplement this response.

18
19
20 Dated: March 27, 2025           ARTIANO SHINOFF

21
22
23                By: _____
                    Paul V. Carelli, IV
24                     Jack M. Sleeth Jr.
                    Maurice A. Bumbu
25                     Attorneys for Defendant SAN DIEGO
                    COMMUNITY COLLEGE DISTRICT,
26
27
28                         18

ARTIANO SHINOFF
Paul V. Carelli, IV, Esq. (SBN 190773)
pcarelli@as7law.com
Jack M. Sleeth Jr., Esq. (SBN 108638)
jsleeth@as7law.com
Maurice A. Bumbu, Esq. (SBN 325343)
mbumbu@as7law,com
3636 Fourth Avenue, Suite 200
San Diego, California 92103
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Defendant SAN DIEGO
COMMUNITY COLLEGE DISTRICT

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JUDY GEORGE, et al.,

Plaintiffs,

v.

GROSSMONT CUYAMACA
COMMUNITY COLLEGE DISTRICT
GOVERNING BOARD, et al,

Defendants.

Case No.: 3:22-cv-424-L-AGS-DDL
Dept.: 5B
Judge Andrew G. Schopler
Magistrate: Judge David D. Leshner

**SAN DIEGO COMMUNITY
COLLEGE DISTRICT
SUPPLEMENTAL RESPONSES
TO DORA MEZA'S
INTERROGATORIES
SET ONE**

Action Date:March 30, 2022
Trial date:    December 12, 2025 (final
                    pretrial conference)

| | |
|---|---|
| PROPOUNDING PARTY: | DORA MEZA, Plaintiff |
| RESPONDING PARTY: | SAN DIEGO COMMUNITY COLLEGE DISTRICT, Defendant |
| SET NO.: | ONE |

Pursuant to California Code of Civil Procedure section 2030, et seq., Defendant SAN DIEGO COMMUNITY COLLEGE DISTRICT ("Defendant" or "Responding Party") makes the following responses and objections to the Special Interrogatories. These responses and objections to the Special Interrogatories are made solely    for the purpose of this action.  Each answer is subject to all objections as to competence,

1

1  relevance, materiality, propriety, and admissibility in any and all objections and grounds
2  that would require the exclusion of any statement herein if the Special  Interrogatories
3  were asked of, or any statement or admission contained herein were made by a witness
4  present and testifying in court, all of which objections and grounds are reserved and
5  may be interposed at time of trial.

6       The following responses are based on information presently available   to
7  Responding Party, and except for explicit facts admitted herein, no incidental or implied
8  admissions are intended hereby.  The fact that Responding Party has answered part  or
9  all of the Special Interrogatory is not intended, and shall not be construed to be waived
10 by Responding Party of all or any part of any objection to any Special Interrogatory.
11 To the extent any and all of the Special Interrogatories call for information which
12 constitutes information or material prepared in anticipation of litigation, or for trial, or
13 information or material covered by the work product doctrine, or which constitutes
14 information which is privileged by virtue of the attorney client privilege,   Responding
15 Party objects to each and every such Special Interrogatory and thus will not supply  or
16 render any information or material  protected from discovery by  virtue of the work
17 product doctrine or attorney client privilege.

18      To the extent that these Special Interrogatories assume facts that have not  been
19 established or are not known to this Responding Party, they are objected to.

20      Responding Party has made a diligent search and inquiry in order to  gather
21 information in responsive to these interrogatories. However, Responding      Party
22 specifically reserves its right to supplement its responses to these interrogatories as
23 discovery and investigation is continuing.

24             **RESPONSE TO INTERROGATORIES**

25 **INTERROGATORY NO. 1:**

26      State all reasons why Plaintiff was placed on administrative leave on August 22,
27 2022, and describe in detail the specific factors that led to the decision, including  but
28 not limited to the role of Plaintiff's religious exemption in the determination.

ARTIANO SHINOFF

2

relevance, materiality, propriety, and admissibility in any and all objections and grounds that would require the exclusion of any statement herein if the Special Interrogatories were asked of, or any statement or admission contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at time of trial.

The following responses are based on information presently available to Responding Party, and except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Responding Party has answered part or all of the Special Interrogatory is not intended, and shall not be construed to be waived by Responding Party of all or any part of any objection to any Special Interrogatory. To the extent any and all of the Special Interrogatories call for information which constitutes information or material prepared in anticipation of litigation, or for trial, or information or material covered by the work product doctrine, or which constitutes information which is privileged by virtue of the attorney client privilege, Responding Party objects to each and every such Special Interrogatory and thus will not supply or render any information or material protected from discovery by virtue of the work product doctrine or attorney client privilege.

To the extent that these Special Interrogatories assume facts that have not been established or are not known to this Responding Party, they are objected to.

Responding Party has made a diligent search and inquiry in order to gather information in responsive to these interrogatories. However, Responding Party specifically reserves its right to supplement its responses to these interrogatories as discovery and investigation is continuing.

## RESPONSE TO INTERROGATORIES

## INTERROGATORY NO. 1:

State all reasons why Plaintiff was placed on administrative leave on August 22, 2022, and describe in detail the specific factors that led to the decision, including but not limited to the role of Plaintiff's religious exemption in the determination.

2

**SDCCD'S SUPPLEMENTAL RESPONSES TO DORA MEZA'S**
**TO DORA MEZA'S INTERROGATORIES, SET ONE**
{AS7 Law San Diego/001037/000607/DLS0594796.DOCX}

**3:22-cv-424-L-AGS-DDL**

ARTIANO SHINOFF

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Objection. Responding Party objects to the interrogatory on the grounds that it seeks information protected by the right of privacy of third-party individuals. The interrogatory also seeks information protected from disclosure by state and federal law, including HIPAA. The interrogatory is also overbroad, and argumentative as to the term "COVID-19 vaccine mandate." Without waiving the foregoing objections, Responding Party responds as follows: As discussed during the parties' discovery meet and confer conferences on April 8-9, 2025, SDCCD will not identify these employees because of their privacy rights. However, SDCCD will produce documents to Plaintiff showing which employees were granted religious exemptions with any of their personal identifying information (name, email, employee ID) redacted.

Discovery and investigation continue and Responding Party reserves the right to amend or supplement this response.

**INTERROGATORY NO. 4:**

For each SDCCD responses to Requests for Admissions, Set One (served on January 29, 2025) which is not an unqualified admission, state (a) the number of Request, (b) all facts on which SDCCD base THEIR response, (c) the names, addresses, and telephone numbers of all persons who have knowledge of those facts, and (d) identify all documents that support SDCCD response.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

(a) 1 (2nd Supplemental Response)

(b) Plaintiff was placed on paid administrative leave effective August 22, 2022. At that time, the District was not able to grant Plaintiff an accommodation to work in-person. On March 6, 2023, Plaintiff was granted an accommodation to work in-person while being exempted from the vaccination requirement.

(c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may be reached through SDCCD's counsel of record

(d) Greg Smith August 16, 2022 email correspondence to Plaintiff (SDCCD

5

ARTIANO SHINOFF

ARTIANO SHINOFF

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Objection. Responding Party objects to the interrogatory on the grounds that it is overbroad and calls for an extensive narrative response, and is compound. Without waiving the foregoing objections, Responding Party responds as follows: As described in Vice Chancellor Gregory Smith's August 16, 2022 email correspondence to Plaintiff, at its June 9, 2022 meeting the Board of Trustees directed the District to continue requiring all employees to be vaccinated against COVID-19 or have an approved legal exemption and reasonable accommodation to work while being unvaccinated. While the District granted Plaintiff's religious exemption, the District determined that reasonable accommodations to allow Plaintiff to work while remaining unvaccinated could not be made at that time. The District's determination was based on a variety of factors, including Plaintiff's essential job duties, the level of close contact with others required to perform her essential job duties, and the availability of other protective measures to adequately protect her health and safety and the health and safety of others. Based on these factors, the District determined that it was not feasible to reasonably modify Plaintiff's work environment, working conditions, and level of close contact with others within the parameters recommended by federal, state, and local health authorities.

Discovery and investigation continue and Responding Party reserves the right to amend or supplement this response.

**INTERROGATORY NO. 3:**

Describe the process SDCCD followed to determine whether Plaintiff's continued presence at work after receiving a religious exemption would pose a risk to workplace safety, and state whether SDCCD conducted an "undue hardship" analysis is defined by the Supreme Court in Groff v. DeJoy, 600 U.S. 447 (2023).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3:**

Objection. Responding Party objects to the interrogatory as being compound, and on the grounds that the interrogatory is overly broad and vague and ambiguous as to

3

1   time. The interrogatory also calls for a legal conclusion, is duplicative of Interrogatory

2   No. 1, and is compound. Without waiving the foregoing objections, Responding Party

3   responds as follows: From the beginning of the COVID-19 pandemic, SDCCD

4   continuously received, reviewed, and followed federal, state, and local laws and

5   guidance, including from the Centers for Disease Control and Prevention (CDC),

6   California Department of Public Health (CDPH), and Cal/OSHA; attended weekly

7   public health meetings; and consulted with broad constituent groups including union

8   members and representatives. As described in Vice Chancellor Gregory Smith's August

9   16, 2022 email correspondence to Plaintiff, at its June 9, 2022 meeting the Board of

10  Trustees directed the District to continue requiring all employees to be vaccinated

11  against COVID-19 or have an approved legal exemption and reasonable

12  accommodation to work while being unvaccinated. While the District granted

13  Plaintiff's religious exemption, the District determined that reasonable

14  accommodations to allow Plaintiff to work while remaining unvaccinated could not be

15  made at that time. SDCCD did conduct an undue hardship analysis. The District's

16  determination was based on a variety of factors, including Plaintiff's essential job

17  duties, the level of close contact with others required to perform her essential job duties,

18  and the availability of other protective measures to adequately protect her health and

19  safety and the health and safety of others. Based on these factors, the District determined

20  that it was not feasible to reasonably modify Plaintiff's work environment, working

21  conditions, and level of close contact with others within the parameters recommended

22  by federal, state, and local health authorities.

23      Discovery and investigation continue and Responding Party reserves the right to

24  amend or supplement this response.

25  **INTERROGATORY NO. 6:**

26      Identify all SDCCD employees and contractors who were granted religious

27  exemptions from the COVID-19 vaccine mandate between 2021 and 2023.

28

ARTIANO SHINOFF

4

1  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

2      Objection. Responding Party objects to the interrogatory on the grounds that  it

3  seeks information protected by the right of privacy of third-party individuals. The

4  interrogatory also seeks information protected from disclosure by state and federal law,

5  including HIPAA. The interrogatory is also overbroad, and argumentative as to the term

6  "COVID-19 vaccine mandate." Without waiving the foregoing objections, Responding

7  Party responds as follows: As discussed during the parties' discovery meet and  confer

8  conferences on April 8-9, 2025, SDCCD will not identify these employees because  of

9  their privacy rights. However, SDCCD will produce documents to Plaintiff showing

10  which employees were granted religious exemptions with any of their  personal

11  identifying information (name, email, employee ID) redacted.

12      Discovery and investigation continue and Responding Party reserves the right to

13  amend or supplement this response.

14  **INTERROGATORY NO. 17:**

15      For each SDCCD responses to Requests for Admissions, Set One (served on

16  January 29, 2025) which is not an unqualified admission, state (a) the number of

17  Request, (b) all facts on which SDCCD base THEIR response, (c) the names, addresses,

18  and telephone numbers of all persons who have knowledge of those facts, and (d)

19  identify all documents that support SDCCD response.

20  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:**

21      (a) 1 (2nd Supplemental Response)

22      (b) Plaintiff was placed on paid administrative leave effective August 22,  2022.

23  At that time, the District was not able to grant Plaintiff an accommodation to work  in-

24  person. On March 6, 2023, Plaintiff was granted an accommodation to work in-person

25  while being exempted from the vaccination requirement.

26      (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may  be

27  reached through SDCCD's counsel of record

28      (d) Greg Smith August 16, 2022 email correspondence to Plaintiff (SDCCD

5

ARTIANO SHINOFF

ARTIANO SHINOFF

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Objection. Responding Party objects to the interrogatory on the grounds that it is overbroad and calls for an extensive narrative response, and is compound. Without waiving the foregoing objections, Responding Party responds as follows: As described in Vice Chancellor Gregory Smith's August 16, 2022 email correspondence to Plaintiff, at its June 9, 2022 meeting the Board of Trustees directed the District to continue requiring all employees to be vaccinated against COVID-19 or have an approved legal exemption and reasonable accommodation to work while being unvaccinated. While the District granted Plaintiff's religious exemption, the District determined that reasonable accommodations to allow Plaintiff to work while remaining unvaccinated could not be made at that time. The District's determination was based on a variety of factors, including Plaintiff's essential job duties, the level of close contact with others required to perform her essential job duties, and the availability of other protective measures to adequately protect her health and safety and the health and safety of others. Based on these factors, the District determined that it was not feasible to reasonably modify Plaintiff's work environment, working conditions, and level of close contact with others within the parameters recommended by federal, state, and local health authorities.

Discovery and investigation continue and Responding Party reserves the right to amend or supplement this response.

**INTERROGATORY NO. 2:**

Describe the process SDCCD followed to determine whether Plaintiff's continued presence at work after receiving a religious exemption would pose a risk to workplace safety, and state whether SDCCD conducted an "undue hardship" analysis is defined by the Supreme Court in Groff v. DeJoy, 600 U.S. 447 (2023).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

Objection. Responding Party objects to the interrogatory as being compound, and on the grounds that the interrogatory is overly broad and vague and ambiguous as to

3

1  00010), Greg Smith November 17, 2022 email correspondence to Plaintiff (SDCCD
2  00015), Greg Smith March 6, 2023 email correspondence to Plaintiff (SDCCD 00023)

3      (a) 3

4      (b) As of December 2, 2021, California law (AB 685) required the District to
5  notify employees who were potentially exposed to COVID-19.

6      (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may  be
7  reached through SDCCD's counsel of record

8      (d) SDCCD COVID-19 Prevention Plan (SDCCD 00208-00221), CA Dept.   of
9  Industrial Relations "COVID-19 Emergency Temporary Standards Frequently  Asked
10  Questions" (SDCCD 00240-00271), COVID-19 Safety Protocols for Supervisors
11  (SDCCD   00465-00469)   (SDCCD   00470-00473),   CDC   COVID-19   Source
12  Investigation (SDCCD 00486-00489), AB 685 Compliance for COVID-19   (SDCCD
13  00492-00494). Discovery and investigation continue.

14      (a) 4 (2nd Supplemental Response)

15      (b) Responding Party denies that it knew, prior to August 22, 2022, that the
16  COVID-19 vaccine did not prevent transmission of COVID-19. As the Court  has
17  previously explained, since the COVID-19 pandemic began, "not only has science
18  enabled us to better understand the virus but also it has delivered a new weapon to
19  combat it: widely available vaccines." (Dkt. 85, p. 4., ln. 17-18.) As noted in the Board's
20  June 9, 2022 and September 23, 2021 Resolutions, prior to August 22, 2022 the  CDC,
21  WHO, and other federal, state and local public health agencies reported data  showing
22  that unvaccinated individuals were more likely to contract COVID-19 and more likely
23  to suffer fatal illness than individuals who were fully vaccinated and boosted.

24      (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may  be
25  reached through SDCCD's counsel of record

26      (d) Dkt. 85, September 23, 2021 Board Resolution (SDCCD 00040), June 9, 2022
27  Board Resolution (SDCCD 00041-00042).

28      (a) 5

ARTIANO SHINOFF

6

1    (b) SDCCD did not use COVID-19 testing as a tool to increase "compliance" of

2    the COVID-19 vaccine among individuals with religious exemptions. The District

3    encouraged employees to get tested for COVID-19 regardless of vaccination status.

4    (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may be

5    reached through SDCCD's counsel of record

6    (d) Greg Smith December 21, 2021 email (SDCCD 00059). Discovery and

7    investigation continue.

8    (a) 6

9    (b) SDCCD's vaccination policy did not treat the COVID-19 vaccine as a

10   prerequisite for participation in on-site activities, institutional programs, and

11   professional development. The request for admission is overbroad, compound and

12   argumentative. It does not specify what time frame it is asking about or which

13   employees it is asking about.

14   (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may be

15   reached through SDCCD's counsel of record

16   (d) None at this time. Discovery and investigation continue.

17   (a) 7

18   (b) Like Request for Admission No. 4, SDCCD was not "aware" the COVID-19

19   vaccine did not prevent transmission of the virus. The request for admission is

20   overbroad, compound and argumentative.

21   (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may be

22   reached through SDCCD's counsel of record

23   (d) Dkt. 85, September 23, 2021 Board Resolution (SDCCD 00040), June 9, 2022

24   Board Resolution (SDCCD 00041-00042). Discovery and investigation continue.

25   (a) 8 (Supplemental Response)

26   (b) Responding Party admits that at certain times vaccinated employees were not

27   required to participate in mandatory weekly testing for COVID-19. There were also

28   times when testing was available and required of anyone who was going to be present

ARTIANO SHINOFF

7

1    on-site.

2        (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may   be

3    reached through SDCCD's counsel of record

4        (d) None at this time. Discovery and investigation continue.

5        Discovery and investigation continue and Responding Party reserves the right to

6    amend or supplement this response.

7

8    Dated: April 23, 2025                    ARTIANO SHINOFF

9

10                                    By: _____

11                                         Paul V. Carelli, IV
                                           Jack M. Sleeth Jr.
12                                         Maurice A. Bumbu
                                           Attorneys for Defendant SAN DIEGO
13                                         COMMUNITY COLLEGE DISTRICT,

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

ARTIANO SHINOFF

1  ARTIANO SHINOFF
   Paul V. Carelli, IV, Esq. (SBN 190773)
2  pcarelli@as7law.com
   Jack M. Sleeth Jr., Esq. (SBN 108638)
3  jsleeth@as7law.com
   Maurice A. Bumbu, Esq. (SBN 325343)
4  mbumbu@as7law,com
   3636 Fourth Avenue, Suite 200
5  San Diego, California 92103
   Telephone: 619-232-3122
6  Facsimile: 619-232-3264

7  Attorneys for Defendant SAN DIEGO
   COMMUNITY COLLEGE DISTRICT
8
                    **UNITED STATES DISTRICT COURT**
9
              **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**
10
   JUDY GEORGE, et al.,                  Case No.: 3:22-cv-424-L-AGS-DDL
11                                        Dept.: 5B
              Plaintiffs,                 Judge Andrew G. Schopler
12                                        Magistrate: Judge David D. Leshner
13      v.

14  GROSSMONT CUYAMACA               **SAN DIEGO COMMUNITY**
    COMMUNITY COLLEGE DISTRICT       **COLLEGE DISTRICT**
15  GOVERNING BOARD, et al,          **SUPPLEMENTAL RESPONSES**
                                     **TO DORA MEZA'S**
16            Defendants.            **INTERROGATORIES**
                                     **SET ONE**
17
                                     Action Date: March 30, 2022
18                                   Trial date:   December 12, 2025 (final
                                                   pretrial conference)
19

20  PROPOUNDING PARTY:       DORA MEZA, Plaintiff

21  RESPONDING PARTY:        SAN DIEGO COMMUNITY COLLEGE DISTRICT,

22  SET NO.:                 Defendant

23  SET NO.:                 ONE

24      Pursuant to California Code of Civil Procedure section 2030, et seq., Defendant

25  SAN DIEGO COMMUNITY COLLEGE DISTRICT ("Defendant" or    "Responding

26  Party") makes the following responses and objections to the Special Interrogatories.

27  These responses and objections to the Special Interrogatories are made solely    for the

28  purpose of this action.  Each answer is subject to all objections as to competence,

                                    1

{AS7 Law San Diego/001037/000607/DLS0594796.DOCX}

ARTIANO SHINOFF

1  time. The interrogatory also calls for a legal conclusion, is duplicative of Interrogatory
2  No. 1, and is compound. Without waiving the foregoing objections, Responding Party
3  responds as follows: From the beginning of the COVID-19 pandemic, SDCCD
4  continuously received, reviewed, and followed federal, state, and local laws and
5  guidance, including from the Centers for Disease Control and Prevention (CDC),
6  California Department of Public Health (CDPH), and Cal/OSHA; attended weekly
7  public health meetings; and consulted with broad constituent groups including union
8  members and representatives. As described in Vice Chancellor Gregory Smith's August
9  16, 2022 email correspondence to Plaintiff, at its June 9, 2022 meeting the Board of
10  Trustees directed the District to continue requiring all employees to be vaccinated
11  against COVID-19 or have an approved legal exemption and reasonable
12  accommodation to work while being unvaccinated. While the District granted
13  Plaintiff's religious exemption, the District determined that reasonable
14  accommodations to allow Plaintiff to work while remaining unvaccinated could not be
15  made at that time. SDCCD did conduct an undue hardship analysis. The District's
16  determination was based on a variety of factors, including Plaintiff's essential job
17  duties, the level of close contact with others required to perform her essential job duties,
18  and the availability of other protective measures to adequately protect her health and
19  safety and the health and safety of others. Based on these factors, the District determined
20  that it was not feasible to reasonably modify Plaintiff's work environment, working
21  conditions, and level of close contact with others within the parameters recommended
22  by federal, state, and local health authorities.

23      Discovery and investigation continue and Responding Party reserves the right to
24  amend or supplement this response.

25  **INTERROGATORY NO. 3:**

26      Identify all SDCCD employees and contractors who were granted religious
27  exemptions from the COVID-19 vaccine mandate between 2021 and 2023.

28

4

1   00010), Greg Smith November 17, 2022 email correspondence to Plaintiff (SDCCD

2   00015), Greg Smith March 6, 2023 email correspondence to Plaintiff (SDCCD 00023)

3       (a) 3

4       (b) As of December 2, 2021, California law (AB 685) required the District to

5   notify employees who were potentially exposed to COVID-19.

6       (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may   be

7   reached through SDCCD's counsel of record

8       (d) SDCCD COVID-19 Prevention Plan (SDCCD 00208-00221), CA Dept.   of

9   Industrial Relations "COVID-19 Emergency Temporary Standards Frequently   Asked

10  Questions" (SDCCD 00240-00271), COVID-19 Safety Protocols for Supervisors

11  (SDCCD   00465-00469)   (SDCCD   00470-00473),   CDC   COVID-19   Source

12  Investigation (SDCCD 00486-00489), AB 685 Compliance for COVID-19   (SDCCD

13  00492-00494). Discovery and investigation continue.

14      (a) 4 (2nd Supplemental Response)

15      (b) Responding Party denies that it knew, prior to August 22, 2022, that the

16  COVID-19 vaccine did not prevent transmission of COVID-19. As the Court  has

17  previously explained, since the COVID-19 pandemic began, "not only has science

18  enabled us to better understand the virus but also it has delivered a new weapon to

19  combat it: widely available vaccines." (Dkt. 85, p. 4., ln. 17-18.) As noted in the Board's

20  June 9, 2022 and September 23, 2021 Resolutions, prior to August 22, 2022 the  CDC,

21  WHO, and other federal, state and local public health agencies reported data  showing

22  that unvaccinated individuals were more likely to contract COVID-19 and more likely

23  to suffer fatal illness than individuals who were fully vaccinated and boosted.

24      (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may   be

25  reached through SDCCD's counsel of record

26      (d) Dkt. 85, September 23, 2021 Board Resolution (SDCCD 00040), June 9, 2022

27  Board Resolution (SDCCD 00041-00042).

28      (a) 5

6

SDCCD'S SUPPLEMENTAL RESPONSES TO DORA MEZA'S
TO DORA MEZA'S INTERROGATORIES, SET ONE
{AS7 Law San Diego/001037/000607/DI/S0594796 DOCX}

3:22-cv-424-L-AGS-DDL

ARTIANO SHINOFF

1    (b) SDCCD did not use COVID-19 testing as a tool to increase "compliance" of
2    the COVID-19 vaccine among individuals with religious exemptions. The District
3    encouraged employees to get tested for COVID-19 regardless of vaccination status.

4    (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may   be
5    reached through SDCCD's counsel of record

6    (d) Greg Smith December 21, 2021 email (SDCCD 00059). Discovery and
7    investigation continue.

8    (a) 6

9    (b) SDCCD's vaccination policy did not treat the COVID-19 vaccine as a
10   prerequisite for participation in on-site activities, institutional programs, and
11   professional development. The request for admission is overbroad, compound and
12   argumentative. It does not specify what time frame it is asking about or  which
13   employees it is asking about.

14   (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may   be
15   reached through SDCCD's counsel of record

16   (d) None at this time. Discovery and investigation continue.

17   (a) 7

18   (b) Like Request for Admission No. 4, SDCCD was not "aware" the COVID-19
19   vaccine did not prevent transmission of the virus. The request for admission  is
20   overbroad, compound and argumentative.

21   (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may   be
22   reached through SDCCD's counsel of record

23   (d) Dkt. 85, September 23, 2021 Board Resolution (SDCCD 00040), June 9, 2022
24   Board Resolution (SDCCD 00041-00042). Discovery and investigation continue.

25   (a) 8 (Supplemental Response)

26   (b) Responding Party admits that at certain times vaccinated employees were not
27   required to participate in mandatory weekly testing for COVID-19. There were also
28   times when testing was available and required of anyone who was going to be  present

ARTIANO SHINOFF

7

1 | on-site.

2 | (c) Greg Smith, Frank Fennessey, Ljubisa Kostic – SDCCD employees may be

3 | reached through SDCCD's counsel of record

4 | (d) None at this time. Discovery and investigation continue.

5 | Discovery and investigation continue and Responding Party reserves the right to

6 | amend or supplement this response.

8 | Dated: April 17, 2025          ARTIANO SHINOFF

10 | By: _____
11 | Paul V. Carelli, IV
    Jack M. Sleeth Jr.
12 | Maurice A. Bumbu
    Attorneys for Defendant SAN DIEGO
13 | COMMUNITY COLLEGE DISTRICT,

ARTIANO SHINOFF

8